# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ROY LELAND THOMPSON, <br> 2. ALLISON HEATHER THOMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> 1. FARMERS INSURANCE COMPANY, INC., a foreign, for-profit insurance corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-cv-76-GKF-FHM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

## A. Parties

1. Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, are each citizens of the State of Oklahoma.

2. Defendant, Farmers Insurance Company, Inc., is a foreign, for-profit insurance corporation incorporated and organized under the laws of the State of Kansas.

3. The principal place of business for Defendant, Farmers Insurance Company, Inc., is within the State of Kansas.

4. The Defendant, Farmers Insurance Company, Inc., is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, owned a home located at 708 W. 107th Place S, in Jenks, Oklahoma, which was insured pursuant to the terms and conditions of an insurance policy, policy No. 96576-28-21, issued by the Defendant, Farmers Insurance Company, Inc.

8. On or about August 16, 2017, Plaintiffs' home was damaged as a result of a lightning strike.

9. At all times material hereto, the Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, were insured under the terms and conditions of an insurance policy, policy No. 96576-28-21, issued by the Defendant, Farmers Insurance Company, Inc. Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, timely submitted a claim to Defendant (Claim No. 3009253347-1-1).

10. At all times material hereto, Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, complied with the terms and conditions of their

insurance policy.

11. Lightning is a covered peril and the Plaintiffs' damages which occurred on or about August 16, 2017 are not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, Farmers Insurance Company, Inc.

### D. Count I: Breach of Contract

12. Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, hereby assert, allege and incorporate paragraphs 1-11 herein.

13. The property insurance policy No. 96576-28-21, issued by the Defendant, Farmers Insurance Company, Inc., was in effect on August 16, 2017.

14. The acts and omissions of the Defendant, Farmers Insurance Company, Inc., in the investigation, evaluation, and denial of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

15. Defendant's breach of contract includes, but is not limited to, the improper denial of Plaintiffs' claim and the failure to pay for covered damage to the Plaintiffs' home, including the Plaintiffs' damaged roofing system and related structural framing. The lightning which struck Plaintiffs' home damaged the shingles, decking, and related structural framing. Defendant, Farmers Insurance Company, Inc., conducted an unreasonable investigation, evaluation and payment of Plaintiffs' claim. Plaintiffs' shingles were discontinued nearly a decade ago. Rather than pay to

replace Plaintiffs' roof and indemnify Plaintiffs for their covered loss by returning the property to its pre-loss condition according to the policy terms and conditions, Defendant attempted to force the Plaintiffs to make an improper partial repair with a shingle which had a different profile, weight, dimension, thickness, and overall appearance than the existing roofing material. This is not a proper or reasonable repair, does not return the Plaintiffs' home to its pre-loss condition, and creates an unsightly "checker board" appearance. Defendant breached its contract and acted unreasonably and in bad faith by failing to consider the damage to Plaintiffs' roofing system, decking, and framing and by attempting to force the Plaintiffs to perform an improper and unreasonable repair of the covered lightning damage. Defendant adjusted the claim in this manner in an attempt to save money and reduce claim payments which were otherwise owed to the Plaintiffs for their lightning damage.

### E. Count II: Bad Faith

16. Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, hereby assert, allege and incorporate paragraphs 1-15 herein.

17. The above mentioned acts and omissions of the Defendant, Farmers Insurance Company, Inc., in the investigation, evaluation, and denial of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought. Defendant unreasonably and in bad faith failed to pay for covered damage to the Plaintiffs' home, including the

Plaintiffs' obviously damaged roofing system, decking, and structural framing. Defendant conducted an improper and unreasonable claim investigation, evaluation, and adjustment which resulted in an unreasonable denial of payment for Plaintiffs' covered loss. The lightning which struck Plaintiffs' home damaged the shingles, decking, and related structural framing. Defendant, Farmers Insurance Company, Inc., conducted an unreasonable investigation, evaluation and payment of Plaintiffs' claim. Plaintiffs' shingles were discontinued nearly a decade ago. Rather than pay to replace Plaintiffs' roof and indemnify Plaintiffs for their covered loss by returning the property to its pre-loss condition according to the policy terms and conditions, Defendant attempted to force the Plaintiffs to make an improper partial repair with a shingle which had a different profile, weight, dimension, thickness, and overall appearance than the existing roofing material. This is not a proper or reasonable repair, does not return the Plaintiffs' home to its pre-loss condition, and creates an unsightly "checker board" appearance. Defendant breached its contract and acted unreasonably and in bad faith by failing to consider the damage to Plaintiffs' roofing system, decking, and framing and by attempting to force the Plaintiffs to perform an improper and unreasonable repair of the covered lightning damage. Defendant adjusted the claim in this manner in an attempt to save money and reduce claim payments which were otherwise owed to the Plaintiffs for their lightning damage.

18.  Defendant's unreasonable, bad faith conduct includes, but is not limited

to, an unreasonable claim investigation, evaluation, and adjustment which resulted in an improper denial of coverage for Plaintiffs' covered loss.

### F. Count III: Punitive Damages

19.   Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, hereby assert, allege and incorporate paragraphs 1-18 herein.

20.   The unreasonable conduct of the Defendant, Farmers Insurance Company, Inc., in the handling of Plaintiffs' claim was intentional, willful, wanton, and was committed with a reckless disregard for the rights of the Plaintiffs for which punitive damages are hereby being sought.

### G. Demand for Jury Trial

21.   The Plaintiffs Roy Leland Thompson and Allison Heather Thompson, hereby request that the matters set forth herein be determined by a jury.

### H. Prayer

22. Having properly pled, Plaintiffs, Roy Leland Thompson and Allison Heather Thompson, hereby seek contractual, bad faith and punitive damages against the Defendant, Farmers Insurance Company, Inc., all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 13167
McGrew, McGrew & Associates, PC
400 N. Walker Ave., Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR PLAINTIFFS**